UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY ALFORD, CDCR #AY-2755,<br><br>Plaintiff,<br><br>vs.<br><br>CLARENCE THOMAS, United States Supreme Court Justice; KAMALA HARRIS, U.S. Senator; UNITED STATES SUPREME COURT,<br><br>Defendants. | Case No.: 18-cv-02543<br><br>**ORDER**<br>**(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) AND**<br>**(2) DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1)**<br><br>**[ECF No. 2]** |

Plaintiff Rickey Alford, currently incarcerated at California Men's Colony in San Luis Obispo, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 together with a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* ECF Nos. 1, 2.)

Plaintiff seeks to sue United States Supreme Court Justice Clarence Thomas, the Supreme Court itself, and U.S. Senator Kamala Harris based on rambling and disjointed claims of treason, disability, malpractice, and conspiracy. (*See* "Compl.," ECF No. 1, at

1

1–4, 8–25.)

**I.    Motion to Proceed IFP**

    **A.    <u>Standard of Review</u>**

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016;, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without

prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (noting that when court "review[s] a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'") (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP civil action or appeal in federal court unless he alleges he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

**B.      Discussion**

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint, and finds it does not contain any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, as discussed below, Plaintiff's suit is plainly frivolous. *See e.g.*, *Holz v. McFadden*, No. ED CV 07-1410-DSF (PJW), 2010 WL 3069745 at *3 (C.D. Cal. May 21, 2010) (finding "imminent danger" exception to § 1915(g) inapplicable where prisoner implausibly claimed the FBI and BOP were "going to kill him"); *Sierra v. Woodford*, No. 1:07 cv 149 LJO GSA (PC), 2010 WL 1657493 at *3 (E.D. Cal. Apr. 23, 2010) (finding "long, narrative, rambling statements regarding a cycle of violence, and vague references to motives to harm" insufficient to show Plaintiff faced an "ongoing danger" as required by *Cervantes*). And while Defendants typically carry the burden to show that a prisoner is not entitled to proceed IFP, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Andrews*, 398 F.3d at 1119–20. That is the case here.

Based on a review of its own dockets and other court proceedings available on

PACER, the Court finds that Plaintiff Rickey Alford, currently identified as CDCR #AY-2755, has had at least three prior prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[1]

They are:

1) *Alford v. Baca*, No. 2:11-cv-07722-UA-AJW (C.D. Cal. West. Div., Sept. 30, 2011) (Order Denying IFP and dismissing case as "frivolous, malicious, or [for] fail[ing] to state a claim upon which relief may be granted") (ECF No. 2 at 1) (strike one);

2) *Alford v. John Doe 1, et al.*, No. 2:18-cv-00639-AB-AS (C.D. Cal., West. Div., Jan. 31 2018) (Order Denying IFP and Dismissing Case "immediately" as "unintelligible" and as "frivolous, malicious, or [for] fail[ing] to state a claim upon which relief may be granted") (ECF No. 4 at 1) (strike two);

3) *Alford v. Jane Doe, et al.*, No. 2:18-cv-00655-AB-AS (C.D. Cal., West. Div., Jan. 31 2018) (Order Denying IFP and Dismissing Case "immediately" as "unintelligible" and as "frivolous, malicious, or [for] fail[ing] to state a claim upon which relief may be granted") (ECF No. 4 at 1) (strike three);

4) *Alford v. Donald Trump, et al,* No. 2:18-cv-02392-RGK-AFM (C.D. Cal., West. Div., March 30, 2018) (Order Denying IFP and Dismissing Case "immediately" as "unintelligible and incomprehensible" and as "frivolous, malicious, or [for] fail[ing] to state a claim upon which relief may be granted") (ECF No. 5 at 1) (strike four)[2];

---

[1] A court may take judicial notice of its own records, *see Molus v. Swan*, No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Servs*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

[2] United States Magistrate Judge Alexander F. McKinnon also noted that Plaintiff "is a 'three strikes' filer under 28 U.S.C. § 1915(g)," and referred to *Alford v. Ham, et al*, No. CV06-04195 JF (PR) (N.D. Cal. May 1, 2007). The Court has reviewed that case, and the

5) *Alford v. California Supreme Court, et al,* No. 2:18-cv-03937-AB-AS (C.D. Cal., West. Div., May 29, 2018) (Order Denying IFP and Dismissing Case "immediately" as "frivolous, malicious, or [for] fail[ing] to state a claim upon which relief may be granted") (ECF No. 5 at 1–2) (strike five); and

6) *Alford v. P. Denny, et al.,* No. 2:18-cv-04222-AB-AS (C.D. Cal., West. Div., July 18, 2018) (Order Denying IFP and Dismissing Case "immediately" as "frivolous, malicious, or [for] fail[ing] to state a claim upon which relief may be granted") (ECF No. 5 at 1–2) (strike six).

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this civil action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## II. Screening of Complaint pursuant to 28 U.S.C. § 1915A

### A. <u>Standard of Review</u>

In addition, while the Court would ordinarily grant Plaintiff leave to pay the civil filing fees required by 28 U.S.C. § 1914(a) in order to proceed, it instead finds it appropriate to screen his Complaint pursuant to 28 U.S.C. § 1915A because at the time of filing Plaintiff was, and remains, "incarcerated or detained in any facility [because he] is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or

---

"strikes" relied on by the Northern District of California in denying Plaintiff leave to proceed IFP, but need not determine whether those now decades-old cases also count as additional strikes against Plaintiff. His most recent civil filing history by itself is sufficient.

the terms or conditions of parole, probation, pretrial release, or diversionary program." *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1284 (9th Cir. 2017) (citing 28 U.S.C. § 1915(h), 1915A(c); 42 U.S.C. § 1997e(h)).

Section 1915A "mandates early review . . . for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016). The mandatory screening provisions of § 1915A apply to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee. *See, e.g. Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas*, 856 F.3d at 1283 (quoting 28 U.S.C. § 1915A(b)). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

A pleading is "factual[ly] frivolous[]" if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 25–26 (1992). Section 1915 gives courts "the unusual power to pierce the veil" of a Complaint like Plaintiff's and to "dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Clearly baseless factual allegations include those "that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton*, 504 U.S. at 32–33 (quoting *Neitzke*, 490 U.S. at 325, 327–28); *see also In re Thomas*, 508 F.3d 1225, 1227 (9th Cir. 2007) (holding a court may dismiss an IFP case "as frivolous before service of process when the complaint recites 'bare legal conclusions with no suggestion of supporting facts, or postulat[es] events and circumstances of a wholly fanciful kind'" (citations omitted)).

**B.    Discussion**

In this case, Plaintiff names the Supreme Court, Associate Justice Clarence Thomas,

and California Senator Kamala Harris as Defendants, and he presumably seeks to impeach or remove them based on claims of treason, disability, malpractice, and a conspiracy of "racial hatred." (*See* Compl. 2.) His pleading is replete with sweeping allegations of "insurrection or rebellion," repeatedly refers to "double jeopardy" and "three strikes enhancements," and makes patently illogical connections between Bill Cosby, Barack Obama, the Ku Klux Klan, and "transsexuals, transgenders, [and] female impersonators claiming to be women," who have engaged in a "scheme [to] trick [and] deceive the public," and to violate the 13th Amendment's prohibition against slavery. (*Id.* at 10, 13–17, 19–20, 23.)

Plaintiff's disjointed, and incoherent allegations appear grounded in delusion, are facially irrational, wholly incredible, and "postulat[e] events and circumstances of a wholly fanciful kind." *In re Thomas*, 508 F.3d at 1227. Therefore, his Complaint also demands *sua sponte* dismissal as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). *See Denton*, 504 U.S. at 25–26; *see also Suess v. Obama,* 2017 WL 1371289, at *2 (C.D. Cal. Mar. 10, 2017) (dismissing as frivolous complaint alleging conspiracy among President, CIA, and FBI to torment plaintiff over six year period); *Frost v. Vasan,* No. 16-CV-05883 NC, 2017 WL 2081094, at *1 (N.D. Cal. May 15, 2017) (dismissing as frivolous claims against a United States Senator, a university, two corporate entities, and additional unspecified defendants for having allegedly conspired with a secret elite group of businessmen and the CIA to torment him); *Sierra v. Moon*, No. 1:11-cv-1214-JLO-MJS (PC), 2012 WL 423483, at *2 (E.D. Cal. Feb. 8, 2012) (dismissing as frivolous an alleged conspiracy by defendants with ex-military and CIA to defraud plaintiffs' interests and murder him).

Because Plaintiff's claims are frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc).

### III. Conclusion and Order

For the reasons set forth above, the Court:

1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28

U.S.C. § 1915(g);

    2)    **DISMISSES** this civil action based on Plaintiff's failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a), and as frivolous pursuant to 28 U.S.C. § 1915A(b)(1);

    3)    **CERTIFIES** that an IFP appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

    4)    **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED.**

**DATED: January 30, 2018**

Hon. Cynthia Bashant
United States District Judge